IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PHILLIP D. RUPPERT**,

**Plaintiff,**

v.

**ALB REAL ESTATE MANAGEMENT,**
**and DAVID BENIT,**

**Defendants.**                                     No. 11-1073-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is plaintiff's motion for default judgment (Doc. 11). Based on the following, the Court denies at this time the motion.

On December 9, 2011, Phillip D. Ruppert sued ALB Real Estate Management and David Binet based on diversity, 28 U.S.C. § 1332, for physical pain and emotional upset he sustained from the discovery of a bat in his apartment that he rented from defendants (Doc. 2). Ruppert alleges that he notified defendants of a hole in his bathroom ceiling, that defendants ignored his requests to repair the hole and that on April 2, 2010, a bat entered his apartment through the hole. Plaintiff seeks $100,000 in damages.

On March 9, 2012, the Clerk of the Court issued an entry of default (Doc. 9). On April 23, 2012, the Clerk of the Court issued a notice of impending dismissal for want of prosecution for failure to effect default judgment on defendants (Doc. 10). Thereafter, plaintiff moved for default judgment (Doc. 11).

A party is authorized to seek a default judgment pursuant to FEDERAL RULE OF CIVIL PROCEDURE 55. Under this Rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. FED. R. CIV. P. 55. The decision to grant or deny default judgment lies within the district court's discretion and is only reviewed for abuse of discretion. *Homer v. Jones-Bey*, 415 F.3d 748, 753 (7th Cir. 2005). "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint,'" as long as plaintiff's allegations are well-plead. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)). Plaintiff must then establish a right to the requested relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Allegations within the complaint regarding damages are not deemed true upon the rendering of a default judgment. *In re Catt*, 368 F.3d at 793 (citations omitted); *Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted). Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. *Id*. Such determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted); *see also In re Catt*, 368 F.3d at 793.

Here, plaintiff's motion is clearly insufficient as to the relief sought. Plaintiff's motion merely requests $100,000 in damages without any supporting documentation. Thus, the Court is unable to ascertain the proper amount to award. Thus, the Court **DENIES at this time** plaintiff's motion for default judgment (Doc. 11). The Court **ALLOWS** plaintiff up to and including May 11, 2012 to file another motion for default judgment that comports with this Order.

**IT IS SO ORDERED.**

Signed this 27th day of April, 2012.

Digitally signed by David R. Herndon
Date: 2012.04.27 15:27:00 -05'00'

**Chief Judge
United States District Court**