IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PHILLIP D. RUPPERT,**

**Plaintiff,**

v.

**ALB REAL ESTATE MANAGEMENT
and DAVID BINET,**

**Defendants.**                                                    No. 11-1073-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court for case management. On April 27, 2012, the Court denied at this time plaintiff's motion for default judgment and directed plaintiff to file a new motion for default judgement (Doc. 12). On May 8, 2012, plaintiff filed a response to Court Order regarding damages (Doc. 13). Based on the response and affidavits, the Court finds that it cannot assess damages regarding default judgment. Thus, the Court **DIRECTS** plaintiff to file a *new* motion for default judgment on or before May 29, 2012. The new motion should state whether plaintiff would like the Court or a jury to assess damages regarding default and should comply with Local Rule 55, as the previous motion for default judgment did not meet

the requirements of Local Rule 55.[1]

The Court notes that Local Rule 55.1(a) requires the moving party to: (1) "give notice of the entry of default to the defaulting party by regular mail sent to the last known address of the defaulted party," and (2) "certify to the Court that notice has been sent." Further, Local Rule 55.1(b) requires that the motion seeking default judgment "shall contain a statement that a copy of the motion has been mailed to the last known address of the party from whom default judgment is sought. If the moving party knows, or reasonably should know, the identity of an attorney thought to represent the defaulted party, the motion shall also state that a copy has been mailed to that attorney."

Here, it appears to the Court that plaintiff in its previous motion did not follow the local rules in filing his motion to for default judgment. Local Rule 55.1 requires that notice must be mailed (not emailed) to the last known address of the party from whom default is sought. It also requires that if the moving party knows or has reason to know the identity of an attorney thought to represent that the defaulted party the motion shall state that a copy has been mailed to that attorney. Further, the attorney for the moving party must certify, as an officer of the court, the he or she does not have knowledge that the defaulted party is represented by counsel for any matter whatsoever and there is no counsel to whom the motion can be mailed. This

---

[1] "The court may conduct hearings or make referrals -- preserving any federal statutory right to a jury trial -- when, to enter or effectuate judgment, it needs to . . . determine the amount of damages[.]" Fed. R. Civ. P. 55(b)(2)(B)1.

procedure was not followed in this case.  Accordingly, the Court **ALLOWS** plaintiff to file a new motion for default judgment on or before May 29, 2012.

**IT IS SO ORDERED.**

Signed this 14th day of May, 2012.

David R. Herndon
2012.05.14
16:32:13 -05'00'

**Chief Judge**
**United States District Court**