IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PHILLIP D. RUPPERT,

Plaintiff,

v.

ALB REAL ESTATE MANAGEMENT
and DAVID BINET,

Defendants.                                                   No. 11-1073-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Now before the Court is plaintiff's amended motion for default judgment (Doc. 15).  Ruppert moves for default judgment arguing that he is entitled to default judgment as defendants have been properly served; have not answered the complaint and that he has served the required notice on defendants. Ruppert also contends that he is entitled to damages totaling $100,000 and asks the Court to determine the damages based on his affidavit in support of damages (Doc. 13).  Based on the following, the Court **DENIES** the amended motion for default judgment.

A review of the pleadings, reveals that plaintiff *again* failed to comply with Local Rule 55(a). As noted in the Court's previous Order, Local Rule 55.1(a) requires the moving party to: (1) "give notice of the entry of default to the defaulting party by regular mail sent to the last known address of the defaulted party," and (2) "certify

to the Court that notice has been sent." Further, Local Rule 55.1(b) requires that the motion seeking default judgment "shall contain a statement that a copy of the motion has been mailed to the last known address of the party from whom default judgment is sought. If the moving party knows, or reasonably should know, the identity of an attorney thought to represent the defaulted party, the motion shall also state that a copy has been mailed to that attorney."

Here, plaintiff failed to certify that he mailed a copy of the motion for default judgment to defendant's attorney, or that in the alternative, that plaintiff is not aware that defendants are represented by counsel, generally. Accordingly, the Court **DENIES** the amended motion for default judgment (Doc. 15). The Court **ALLOWS** plaintiff to file a new motion that comports with this Order and the Local Rule on or before June 19, 2012. Should the plaintiff comply with all the steps necessary for a default judgment, the Court will then set this matter for a hearing on damages as this is not a matter that can be resolved by affidavit. Said hearing can be hear by judge or jury since the plaintiff demanded a jury.

**IT IS SO ORDERED.**

Signed this 5th day of June, 2012.

Digitally signed by
David R. Herndon
Date: 2012.06.05
13:58:28 -05'00'

**Chief Judge
United States District Court**