IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILLIP D. RUPPERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. **3:11-cv-01073-DRH-PMF** |
| | ) |
| ALB REAL ESTATE MANAGEMENT, | ) |
| DAVID BINET, | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is the Defendants' (Doc. 29) motion to set aside entry of default and Plaintiff's (Doc. 34) response thereto. This matter was referred to the undersigned for a Report and Recommendation by Chief Judge David R. Herndon on December 13, 2013. *See* Doc. 35. For the following reasons, it is recommended that the (Doc. 29) motion to set aside default be granted.

Plaintiff Phillip D. Ruppert filed this personal injury suit based on diversity jurisdiction (28 U.S.C. § 1332) on December 9, 2011 against Defendants ALB Real Estate Management and "David Binet." The allegations are that the Defendants owned and leased out a property (2104A Portis Ave, St. Louis, Missouri) to Plaintiff, and that, during the time of the lease, Defendants refused to fix a hole in the ceiling. Sometime after making the complaint to the Defendants, a bat flew through the hole in the ceiling on April 2, 2010, and bit Plaintiff, causing him injury and necessitating treatment for rabies.

Plaintiff hired an investigatory service (Hurst Investigation Services, #1 Eagle Center in O'Fallon, Illinois) to locate the Defendants and serve them with process regarding this lawsuit.

1

On February 6, 2012, a process server (Darnell K. Norwood, Sr.) purportedly served process upon "David Binet" at 2104A Portis Ave, St. Louis, Missouri. *See* Docs. 4-5. However, the Defendants never filed an answer in this case and default judgment was ultimately entered against them in the amount of $30,000 on August 9, 2012. *See* Doc. 22. In an attempting to execute the judgment, Plaintiff served notice of a citation to discover assets upon "David Binaei" at his residence (1321 Kiefer Bluff Rd, Ballwin, Missouri 63021) on May 27, 2013.

Binaei claims that the May 27, 2013 citation is first notice that he has received of this litigation (Doc. 29-1, p. 2 ¶ 8) and now moves to aside the judgment entered against him in this case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b).

In support of his motion, Binaei submits evidence in the form of his own affidavit and a settlement statement demonstrating that the property located at 2104 Portis Ave, St. Louis, Missouri, was sold by Binaei on September 17, 2010. *See* Doc. 29-1, p. 3. Binaei also indicates

2

that he is sole owner of ALB Real Estate Management and has resided in Ballwin, Missouri since a date prior to this lawsuit being filed.[1]

In response, Plaintiff submits the affidavit of the process server, Norwood. Doc. 34, p. 4. Norwood's testimony would essentially stand on the copies of the summons that were executed and filed in this case. Additionally, Norwood states that he reviewed the proof of service for citation served upon "David Binaei" on June 30, 2013 and photo of Binaei taken at that time, and it is the same person who he served "at ALB Real Estate, 2104A Portis Ave, St. Louis, Missouri [on] February 6, 2012." *Id*. Without making any credibility finding, it is only noted for the record that no picture was taken of "David Binet" at the time of the February 2012 service and close to two years had passed since the time that Norwood reviewed the picture of person he reports to have served.

Plaintiff's evidence does not overcome the fact that Binaei sold the property where he was purportedly served in 2010, and that he had no reason to be at the property on February 6, 2012. In sum, 2104A Portis Ave, St. Louis, Missouri was not a location where Binaei could have reasonably been found on February 6, 2012. Accordingly, an evidentiary hearing should not be held.[2] Much like the bat bite that precipitated the filing of this case, what actually transpired with the summons that were returned and filed in this case is very much out of the ordinary. However, after consideration of all the evidence, it appears more likely than not that the Defendants in this case were not properly served with process at 2104A Portis Ave, St.

---

[1] Missouri Secretary of State records also indicate that ALB Real Estate Management is based in Ballwin, Missouri.

[2] In a January 17, 2014 phone conference concerning the instant motion, counsel for both parties agreed holding an evidentiary hearing regarding this issue would likely be a costly and ultimately futile exercise.

Louis, Missouri on February 6, 2012 as the proof of service forms filed in this case indicate. Under these circumstances, Rule 60(b) relief from judgment is warranted.

For the forgoing reasons, it is recommended that the (Doc. 29) motion to set aside default be granted.

SO RECOMMENDED.

DATED: January 21, 2014.

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE

4